*287 SUMMARY ORDER
Defendant-Appellant Jeffrey Greggs appeals from a judgment entered on October 1, 2008 in the United States District Court for the Western District of New York (Arcara, J.), sentencing him to a term of imprisonment of 51 months on each of three counts of bank robbery in violation of 18 U.S.C. § 2113(a), and an ensuing three-year period of supervised release, to be served concurrently, after Greggs waived indictment and pled guilty to a three-count Information. We assume the parties’ familiarity as to the facts, the procedural context, and the specification of appellate issues.
This Court reviews sentences for reasonableness, ascertaining whether the sentence imposed is the product of an abuse of discretion. United States v. Verkhoglyad, 516 F.3d 122, (2d Cir.2008). A district court abuses or exceeds its discretion only “when (1) its decision rests on an error of law or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.” United States v. Brady, 417 F.3d 326, 332 (2d Cir.2005) (quoting Zervos v. Verizon N.Y. Inc., 252 F.3d 163, 169 (2d Cir.2001)). A sentence may be found unreasonable either because of its length or because the sentencing judge committed a procedural error by selecting á sentence in violation of applicable law. See, United States v. Crosby, 397 F.3d 103, 113 (2d Cir.2005).
Greggs challenges the substantive reasonableness of his sentence, arguing that the district court failed to strike an appropriate balance between the various factors set forth in 18 U.S.C. § 3553(a) in imposing his sentence. Specifically, he claims that the district court placed too much weight on the seriousness of his bank robbery offenses, while not relying heavily enough upon his claimed mental and emotional depression at the time he committed the crimes. However, while the district court emphasized the severity Greggs’ crimes, it also acknowledged that Greggs had made a strong argument for leniency, stating that the “low end of the guideline range may be appropriate here.” Accordingly, the court imposed a sentence of 51 months, declining to impose a below-Guidelines sentence, but sentencing Greggs to the low end of the 51 to 63 month range recommended in the PSR. In light of the district court’s careful consideration of not only the Guidelines and the applicable range set forth therein, but also of Greggs’ arguments for leniency, the government’s response, and the factors in 18 U.S.C. § 3553(a), we cannot conclude on this record that the district court abused its discretion in sentencing Greggs to 51 months incarceration. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445, 454-55 (2007); 18 U.S.C. § 3553(a).
Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.